IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States | ) |
| | ) |
| v. | ) No. 15 C 1964 |
| | ) |
| Marco Pineda | ) |

Memorandum Opinion and Order

Marco Pineda has petitioned under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds of prosecutorial misconduct and ineffective assistance of counsel. I deny the petition for the following reasons.

I.

After a jury trial, Pineda was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and was sentenced to 115 months' confinement followed by three years' supervised release. After Pineda's conviction, but before his sentencing, the government learned for the first time, and informed Pineda's counsel, that the Illinois Department of Corrections (IDOC) had likely sent Pineda a restoration-of-rights letter upon Pineda's successful discharge from parole on a 1998 armed robbery conviction, which

was one of three felony offenses supporting the charges against him. Accordingly, as the government's presentence report acknowledges, that conviction did not trigger the fifteen-year mandatory minimum sentence under Armed Career Criminals Act (ACCA) pursuant to *Buchmeier v. U.S.*, 581 F.3d 561 (7th Cir. 2009).[1] The government thus sought a sentence of 120 months, at the high end of Pineda's guideline range.

Pineda appealed his conviction and sentence. He raised two issues: First, he argued that I had erroneously dismissed for cause a juror who was unable to perform his duties without the assistance of an English-language interpreter. Second, he argued that I failed to consider all of the factors under 18 U.S.C. § 3553(a)(1) at sentencing. The Seventh Circuit affirmed. *U.S. v. Pineda*, 743 F.3d 213 (7th Cir. 2014).

In his § 2255 motion, Pineda asserts that the government committed prosecutorial misconduct by failing to discover sooner that his 1998 conviction did not support a felon-in-possession charge or an enhanced penalty under the ACCA. He also claims that the government committed or failed to correct its witness's perjury before the grand jury. Specifically, Pineda asserts that the ATF Special Agent Michael Walsh told the grand jury that

---

[1] The government's discovery of IDOC's probable issuance of a restoration of rights did not undermine Pineda's conviction on the felon-in-possession charge because two other convictions-- for attempted robbery in 1994 and for aggravated battery in 1996--remained viable predicate offenses to support that charge.

Chicago police "officers" had seen Pineda in possession of a firearm, when in fact the evidence indicated that only one officer had actually seen the firearm in Pineda's possession.

Relatedly, Pineda argues that his counsel was ineffective: 1) for failing to move to dismiss the indictment based on Agent Walsh's grand jury testimony, and 2) for relying on the government's "faulty" investigation into the applicability of the ACCA recidivist enhancement and advising Pineda to forego plea negotiations. The government responds that Pineda's claims are procedurally defaulted, meritless, or both.

## II.

The government is correct that Pineda's claims of prosecutorial misconduct are procedurally defaulted. "A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *McCoy v. U.S.*, 815 F.3d 292, 295 (7th Cir. 2016). Pineda had not yet been sentenced when the government discovered, and informed Pineda's counsel, that Pineda may have been issued a restoration of rights letter. Yet, Pineda did not challenge his conviction or sentence on that basis either in this court or in his direct appeal.

Pineda's procedural default may be excused only if he can demonstrate cause and prejudice, or that he is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622

3

(1998). Because Pineda does not offer any explanation for failing to assert the restoration of his rights issue in a post-trial motion or on direct appeal, he has not established the necessary "cause" to excuse his default. And although Pineda states, in an affidavit accompanying his petition, that he "maintains his innocence," his argument merely reiterates the challenges he raised at trial to the testimony of the government's witnesses. That is insufficient to establish the "extremely rare" actual innocence exception to procedural default, which requires a petitioner to come forward with "new reliable evidence" of his innocence. *See Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Pineda neither asserts, nor offers evidence to suggest, that he did not actually possess a firearm in violation of § 922(g)(1). To the contrary, Pineda previously admitted to possessing the gun in question, *see* 11 CR 392, 5/30/12 Order at 2, and his § 2255 petition neither retracts nor challenges the validity of that admission.

Pineda's prosecutorial misconduct claim arising out of Agent Walsh's grand jury testimony is also procedurally defaulted, notwithstanding his claim that his attorney's ineffectiveness was the reason the claim was not preserved. While it is true that ineffective assistance can satisfy the

4

"cause" element of the cause-and-prejudice analysis, see *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994), a petitioner generally must establish a meritorious Sixth Amendment claim to overcome procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). As explained below, Pineda cannot do so here.

I evaluate Pineda's Sixth Amendment claims under the well-known standard of *Strickland v. Washington*, 466 U.S. 668 (1984). I ask first whether Pineda's counsel performed in an objectively deficient manner, and second whether Pineda was prejudiced by his counsel's alleged errors. *Hutchings v. U.S.*, 618 F.3d 693, 697 (7th Cir. 2010). Pineda's failure to establish either element is fatal to his claim. *Id*.

Pineda's claim that his counsel was ineffective for failing to challenge the indictment based on the government's "perjured" grand jury testimony falters on both elements. The police reports support Agent Walsh's testimony that Officer Colindres—one of the Chicago Police Officers who responded to a call about a disturbance involving Pineda—saw Pineda in possession of a firearm, and that a second officer, Officer Marin, saw the gun after Officer Colindres retrieved it from the ground where Pineda had dropped it. Even assuming that Walsh's statement that "officers"—rather than Officer Colindres alone—actually saw Pineda in possession of the weapon was inaccurate, Pineda offers

5

no basis for concluding that the outcome of the grand jury proceedings would have been different had Agent Walsh testified accurately about the contents of the police reports. To the contrary, the totality of the evidence before the grand jury, which included Pineda's unchallenged admission that he in fact possessed the gun in question, was plainly sufficient to support the grand jury's probable cause determination. Because the Sixth Amendment does not require counsel to press meritless arguments, *see Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993), Pineda cannot show that his attorney performed deficiently for failing to challenge the indictment based on Agent Walsh's misstatement, nor can he establish that the outcome of his case would have been different if his attorney had done so.

Pineda's ineffective assistance claim based on his attorney's failure to challenge the government's § 924(e) charge is equally without merit. Pineda does not dispute that Pineda's IDOC file did not contain a restoration of rights letter with respect to his 1998 conviction. Indeed, Pineda does not claim that he received such a letter, or that he told his attorney that he had received one. Accordingly, his attorney had no affirmative evidence with which to challenge the factual basis underlying the government's assertion of ACCA's recidivist enhancement. Even assuming that Pineda's attorney should have investigated IDOC's procedures and concluded, as the government

6

did, that Pineda was likely issued a restoration of rights letter, Pineda cannot show that he was prejudiced by his counsel's error. It is undisputed that the government did not seek to impose ACCA's mandatory minimum sentence. And while Pineda now claims that he would have pled guilty had his counsel not advised him to go to trial, a petitioner's ex-post say-so is insufficient to establish prejudice. In the pleading context, Pineda "must also come forward with objective evidence" that he would have pled guilty absent his attorney's advice, such as the history of plea negotiations. *See Hutchings* 618 F.3d at 697. He has neither presented, nor indicated the existence of any evidence of this sort.

III.

For the foregoing reasons, Pineda's motion to vacate, set aside, or correct his sentence is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 1, 2016